UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANIE L. GUBERA, <br><br> Plaintiff, <br><br> v. <br><br> LLOYD J. AUSTIN, III, <br> Secretary of Defense, *et al.*, <br><br> Defendant, | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 23-1425 (DLF) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT MOTION FOR VOLUNTARY REMAND AND
STAY OF PROCEEDINGS**

The parties, by and through their respective counsel, respectfully submit this joint motion for voluntary remand and stay of proceedings. In support of their joint motion, the parties state the following:

1. On May 19, 2023, Plaintiff filed a complaint seeking a judgment that would, in effect, remand her case to the Army Board for Correction of Military Records (the "Board") for reconsideration of the Board's decision, dated April 21, 2021, which denied Plaintiff's petition seeking her characterization of service from the United States Army be upgraded from "Under Honorable Conditions (General)" to "Honorable".

2. Plaintiff invokes this Court's jurisdiction by asserting that her claim is proper for judicial review under the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-06.

3. The parties have agreed to request the Court remand this case to the Board and stay proceedings before this Court to allow the Board to reevaluate Plaintiff's request for a discharge upgrade. Remand is an appropriate remedy under the APA, see *Palisades Gen. Hosp. Inc. v. Leavitt*, 426 F.3d 400, 403 (D.C. Cir. 2005), and a federal agency has the "inherent power to

reconsider [its] own decisions through a voluntary remand," *Code v. McHugh*, 139 F. Supp. 3d 465, 468 (D.D.C. 2015). Remand is indicated under the APA, as a "reviewing court is not generally empowered to conduct a de novo inquiry into the matter being reviewed" but should, when necessary, "remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985).

4. The parties propose that all proceedings before this Court, including Defendant's deadline to file a responsive pleading to the complaint (which is currently set as July 21, 2023), be stayed pending further order of the Court.

5. The parties further agree that, upon remand, the Board shall:

a. Consider, along with information previously submitted, all allegations and evidence raised in Plaintiff's complaint as well as any additional information or documentation that is submitted by Plaintiff within 45 days of the date of the Court's remand order.

b. Consider the expert medical opinion from the Department of Veterans Affairs' Rating Decision from January 3, 2020, and the Board's medical advisor's recommendation to grant Ms. Gubera's request;

c. Consider fully all claims and arguments asserted by Plaintiff without regard to whether they were asserted or considered previously;

d. Allow Plaintiff at least 30 days to review and respond to any new advisory opinion that may be obtained by the Board;

e. Apply liberal consideration to Plaintiff's petition and address the "Kurta Guidance" and "Hagel Guidance" referenced in the Complaint, as well as any other supplemental guidance issued by the Department of Defense relevant to this case; and

      f.      Have 180 days from the date of Plaintiff's submission of materials to the Board to complete its review and issue a decision regarding Plaintiff's claims, extendable upon a showing of good cause by the Board.

      6.      The parties request that the Court exercise its discretion to retain jurisdiction while the matter is on remand and propose filing a joint status report by October 19, 2023, updating the Court on the status of proceedings on remand. The parties further propose to file a joint status report within 30 days after the Board issues its final decision advising the Court of the results of the remand and, if necessary, proposing a schedule for further proceedings.

      7.      For the foregoing reasons, the parties respectfully request that the Court enter an order (1) staying these proceedings until further order of the Court, (2) remanding this case to the Board as specified herein, (3) directing the parties to file a joint status report by October 19, 2023, updating the Court on the status of proceedings on remand, and (4) directing the parties to file a joint status report within 30 days after the Board issues its final decision, advising the Court of the results of the remand and, if necessary, proposing a schedule for further proceedings.

      8.      A proposed order accompanies this Joint Motion.

*   *   *

Dated: July 21, 2023                Respectfully submitted,

By: \_\_\_\_/s/_____
Tia T. Trout-Perez (DC Bar No. 990447)
Melissa S. Gainor (DC Bar No. 980411)
Chad B. Crowell (DC Bar No. 1754710)
KIRKLAND & ELLIS LLP
1301 Pennsylvania Avenue, NW
Washington, D.C. 20004
Tel: (202) 389-3283
ttrout-perez@kirkland.com
melissa.gainor@kirkland.com
chad.crowell@kirkland.com

Rochelle Bobroff (DC Bar No. 420892)
Abigail Reynolds (DC Bar No. 1735880)
National Veterans Legal Services Program
1100 Wilson Blvd., Suite 900
Arlington, Virginia 22209
 (202) 621-5686
rochelle@nvlsp.org
abigail@nvlsp.org

*Attorneys for Plaintiff Stefanie L. Gubera*


MATTHEW M. GRAVES, D.C. Bar. #481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:\_\_\_\_/s/ *Patrick A. Doyle*
PATRICK A. DOYLE, AZ Bar #032173
Special Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2574
patrick.doyle@usdoj.gov

*Attorneys for the United States of America*

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| STEFANIE L. GUBERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-1425 (DLF) |
| ) | |
| LLOYD J. AUSTIN, III, ) | |
| Secretary of Defense, *et al.*, ) | |
| ) | |
| Defendant, ) | |

**[PROPOSED] ORDER**

Upon consideration of the parties' Joint Motion for Voluntary Remand and Stay of Proceedings, and for the reasons set forth therein and good cause shown, it is, this ___ day of _____, 2023,

ORDERED that the Joint Motion is GRANTED; and it is further

ORDERED that this case is remanded to the Army Board for Correction of Military Records ("Board") for further proceedings consistent with this Order; and it is further

ORDERED that proceedings before this Court are STAYED until further order of the Court to allow the Board to re-adjudicate Plaintiff's request and issue a new final decision explaining its decision; and it is further

ORDERED that the Board shall on remand:

a. Consider, along with information previously submitted, all allegations and evidence raised in Plaintiff's complaint as well as any additional information or documentation submitted by Plaintiff within 45 days of the date of the Court's remand order;

  b. Consider the expert medical opinion from the Department of Veterans Affairs Rating Decision from January 3, 2020, and the Army Review Board Agency medical advisor's recommendation to grant Ms. Gubera's request;

  c. Consider fully all claims and arguments asserted by Plaintiff without regard to whether they were asserted or considered previously;

  d. Allow Plaintiff at least 30 days to review and respond to any new advisory opinion that may be obtained by the Defendants;

  e. Apply liberal consideration to Plaintiff's petition and address the "Kurta Guidance" and "Hagel Guidance" referenced in the Complaint, as well as any other supplemental guidance issued by the Department of Defense relevant to this case; and

  f. Have 180 days from the date of Plaintiff's submission of materials to the Board to complete its review and issue a decision regarding Plaintiff's claims, extendable upon a showing of good cause by the Board; and it is further

  ORDERED that the parties shall file a joint status report by October 19, 2023, updating the Court on the status of proceedings on remand; and it is further

  ORDERED that the parties shall file a joint status report within 30 days after the Board issues its final decision, advising the Court of the results of the remand and, if necessary, proposing a schedule for further proceedings.

             _____
             UNITED STATES DISTRICT JUDGE